Robert S. SIMCOX

v.

HERITAGE ACRES, LTD., d/b/a Johnson County Elderly, Thomas Walsh, Jr. and Samuel Riley Pierce, Secretary of Housing & Urban Development.

No. CIV–2–86–185.

United States District Court,
E.D. Tennessee.

Jan. 14, 1987.

Max E. Wilson, Mountain City, Tenn., for plaintiff.

Mark Dessauer, Kingsport, Tenn., J. Edgar Schmutzer, Asst. U.S. Atty., Greeneville, Tenn., for defendants.

## MEMORANDUM AND ORDER

HULL, Chief Judge.

This is an action on a contract in which plaintiff seeks specific performance or, in the alternative, damages. Defendants, Heritage Acres, Ltd., d/b/a Johnson County Elderly, and Samuel R. Pierce, in his official capacity as Secretary of the United States Department of Housing and Urban Development (HUD), move for dismissal or, in the alternative, for summary judgment, on grounds that the contract in question is void and unenforceable.

Most of the relevant facts are not disputed. (*See*, Admissions and Stipulations to the Court's pretrial order, filed October 16, 1986). On September 30, 1981, HUD made a mortgage loan to defendant Heritage Acres, Ltd., under the provisions of Section 202 of the U.S. Housing Act of 1959 (12 U.S.C. § 1701q). On that same day defendants HUD and Heritage Acres, Ltd., executed a "Regulatory Agreement", which HUD recorded, along with the Deed of Trust, in the Register of Deeds Office, Johnson County, Tennessee. Under the terms of the Regulatory Agreement, Heritage Acres, Ltd., agreed that it would not "transfer, dispose of or encumber any of the mortgaged property" without HUD approval. (Exhibit A to affidavit of Ralph L. Schwarzkopf, paragraph 7(a), Court File No. 12).

Nevertheless, defendant Heritage Acres, Ltd., had previously contracted with plaintiff to convey its interest in the project to plaintiff and Thomas W. Walsh, Jr., upon completion of the project and final HUD closing. (Exhibit 1 to plaintiff's memorandum in response. Court File No. 20). Although final closing took place in March 1984, defendant Heritage Acres has not applied for HUD's approval; and HUD has not approved such a transfer. Plaintiff asks the Court to specifically enforce the contract or to grant damages.

Defendants argue that the contract between plaintiff and Heritage Acres, Ltd., is illegal and void as against public policy. They contend that because HUD must approve any transfer of interest or title, a contract to transfer necessarily violates 12 U.S.C. § 1701q, applicable HUD regulations found at 24 C.F.R. §§ 277.8 and 885.-415, and the Regulatory Agreement. Defendants also argue that the contract violates a specific provision of HUD law, 12 U.S.C. § 1701q(a)(1), which requires that sponsors of HUD projects be non-profit entities rather than private individuals.

After careful consideration, the Court finds it unnecessary to determine whether a contract to transfer title to a HUD project is illegal *per se*. For example, HUD approval might simply be viewed as an implied condition precedent and failure to apply for such approval might be considered a breach of good faith. Nevertheless, it appears to the Court that this particular contract is illegal and unenforceable and was so from its inception because it contemplated transfer of title to private individuals. At paragraph four, the disputed contract provides as follows:

> That upon completion of said project and final HUD closing and disbursement of any and all remaining applicable funds to the parties of the first and third part, the party of the first part shall withdraw from said project and convey their right, title and interest in and to said project to the parties of the second part and resign from the Board of Directors.

The "parties of the second part" are identified as Thomas W. Walsh, Jr. and Robert S. Simcox. However, Title 23, U.S.C. § 1701q(a)(1) provides that sponsors of HUD projects be "corporations, limited profit sponsors, consumer cooperatives, or public bodies or agencies." Accordingly, transfer to private individuals would violate § 1701q(a)(1).

Plaintiff argues that the contract is ambiguous and that he should be permitted to introduce evidence that the parties to the contract intended to transfer title to "Heritage Acres, Inc.", a non-profit corporation. However, the contract clearly states that title would transfer to parties of the second part, i.e. Thomas W. Walsh, Jr. and Robert S. Simcox; and this Court will not permit plaintiff to inject ambiguity where none exists. When clear contract language itself reveals the intent of the parties, there is no need to turn to rules of construction. *Tennessee Valley Authority v. Exxon Nuclear Co., Inc.*, 570 F.Supp. 462 (E.D.Tenn. 1983), *aff'd*, 753 F.2d 493 (6th Cir.1985).

Having found that this contract violates 12 U.S.C. § 1701q(a)(1) in that it contemplated transfer to private parties, the Court notes that "there is a strong presumption that agreements in violation of a statute will not be sanctioned by the courts." *Jackson Purchase Rural Electric Cooperative Association v. Local Union 816, International Brotherhood of Electrical Workers*, 646 F.2d 264, 267 (6th Cir.1981). *See, also, Whitley v. White*, 140 S.W.2d 157, 176 Tenn. 206 (1940) (Courts will not enforce an alleged right directly springing from an illegal contract).

Accordingly, the Court finds that no genuine issue of material fact exists as to the legality of the contract, and it is hereby ORDERED that defendants' motion for summary judgment be GRANTED and that this action be DISMISSED.